UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

      Plaintiff,

                                  CASE NO.

vs.

BRYAN CRABTREE and BETHEA
CRABTREE, M&T BANK,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## JURISDICTION AND VENUE

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assureds named therein, the Defendants BRYAN and BETHEA A. CRABTREE, which contains a forum selection clause requiring that suit for a dispute arising under the policy must be filed in the United States District Court for the Southern District of Florida.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendants BRYAN CRABTREE and BETHEA A. CRABTREE (hereinafter "the CRABTREES") are residents and citizens of the State of Montana.

6. Upon information and belief, the Defendant M&T BANK is a national banking institution with its office and principal place of business located at PO Box 5000, Springfield, OH 45501-5000.

## FACTUAL ALLEGATIONS

7. On or about April 17, 2019, the Defendant "CRABTREES" submitted to the Plaintiff, via Defendants' agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage regarding a Brandison 2000 43 ft Privilege vessel with Volvo twin 39 hp diesel engines which was alleged to be owned by the said Defendants.

8. A true and correct copy of the said application form completed and signed by Defendants, and submitted to Plaintiff on or about April 17, 2019 by and on behalf of the Defendants' by its agent is attached hereto as Exhibit "A."

2

9.    Plaintiff agreed to issue a Temporary Binder affording Hull & Machinery coverage in the amount of $250,000.00 expressly "Valid to May 24, 2019" affording coverage on the Brandison 2000 43 ft Privilege vessel with Volvo twin 39 hp diesel engines which was alleged to be owned by the said Defendants based upon the representations set forth in, and the material information disclosed in, the application which is attached hereto as Exhibit "A."

10.    A true and correct copy of the Temporary Binder and the policy language for Plaintiff's Policy No. CSRYP/175139 is attached hereto as Exhibit "B."

11.    Per the clear and express terms of Exhibit "B," the referenced Temporary Binder was issued subject to a number of requirements which were required to be satisfied during the period of time between issuance and the May 24, 2019 date after which the insurance afforded thereunder would no longer be valid.

12.    On or about May 7, 2019, while stored on the hard at Crackerboy Boat Works located in Riviera Beach, Florida, the vessel owned by the Defendants and insured by the Plaintiff was damaged in a fire believed to have been caused when a adjacent vessel at the said location caught fire

13.    Following the incident of May 7, 2019, the Defendants presented Plaintiff with a Notice of Loss and a demand for payment of the full $250,000.00 insured value of the vessel insured under Policy No. CSRYP/175139.

12.    Upon receipt of notice of the loss referenced herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation established that on or about May 9, 2019 the Defendants received via their agents a 15 Day Reminder that certain information required under the clear and express terms of the Temporary

3

Binder had not as yet been received. A true and correct copy of the said 15 Day Reminder is attached hereto as Exhibit "C."

13.    Thereafter, on or about May 17, 2019, 2019 the Defendants received via their agents a 5 Day Reminder that certain information required under the clear and express terms of the Temporary Binder had not as yet been received. A true and correct copy of the said 5 Day Reminder is attached hereto as Exhibit "D."

14.    By the time of the expiration of the temporary Binder on Mat 24, 2019, the Defendants and their agents had failed to provide various of the items expressly referenced in the said Temporary Binder.

15.    On or about May 9, 2019, via his marine insurance broker, the Defendants' agent submitted to Plaintiff's marine surveyor/investigator a Letter of Survey Recommendations Compliance, a true and correct copy of which is attached hereto as Exhibit "E."

16.    On the basis of and in reliance upon the material information disclosed in both of the aforesaid applications for marine insurance, Exhibit "A" attached hereto, and in the Letter of Compliance of Marine Survey Recommendations, Exhibit "E" attached hereto, the Plaintiff "GREAT LAKES" in exchange for good and valuable consideration agreed to issue the Temporary Binder affording hull & machinery coverage through May 24, 2019 in the amount of $250,000.oo on the vessel which was alleged to be owned by the Defendant CRABTREES.

17.    The investigation carried out by the Plaintiff established that as many as fifteen (15) of the recommendations set forth in the survey which was submitted at the time of the submission of the application, Ex. "A," which were noted in the Letter of Survey Recommendations Complained

4

With, Ex. E", were not in fact completed.

18.     Notwithstanding the facts established by Plaintiff's investigation, Defendants has made a claim against the Plaintiff under the terms of Policy No. CSRYP/175139 demanding payment of the full policy limits for which the vessel was insured under the terms of the said policy.

## FIRST CAUSE OF ACTION

19.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 18 as if set forth fully herein.

20.     Plaintiff's Temporary Binder states, in pertinent part:

Warning: Unless the above detailed documents/information are supplied in full by the date detailed on this temporary binder, coverage is void from inception.

21.     The coverage for the vessel owned by the Defendants expired on May 24, 2019 due to non-compliance with the clear and express terms of the Temporary Binder.

22.     Defendants' breach of the express provisions asserted in the Temporary Binder renders the said policy void *ab initio* and/or entitles the Plaintiff to rescind the policy.

23.     Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of the agreed value as set forth in the referenced policy of marine insurance.

24.     As a result of the aforesaid lack of coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the coverage afforded under the terms of Policy No. OSPYP/175139. Until such time as the Plaintiff is able to have its rights and responsibilities

5

construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

25. As a result of the Defendants' demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the alleged disappearance or theft of the vessel under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment.

<b><u>SECOND CAUSE OF ACTION</u></b>

26. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 18 as if set forth fully herein.

27. Plaintiff's policy states, in pertinent part:

9. <u>General Conditions & Warranties</u>

******

d) This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

******

n) This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

6

28. The Defendants breached the provisions of Plaintiff's policy set forth above by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the Brandison 2000 43 ft Privilege vessel with Volvo twin 39 hp diesel engines alleged to have been owned by the Defendants.

29. The Defendants misrepresented and/or failed to disclose the material facts with regard to work and/or repairs and/or maintenance alleged to have been completed, as referenced in the attached Letter of Compliance.

30. Had the Defendants disclosed the material facts or circumstances referenced herein, the Plaintiff would not have agreed to issue its Policy No. CSRYP/175139, or would have issued a different policy, or would have charged a higher premium for the policy.

31. The Defendants' misrepresentation or failure to disclose material facts or circumstances constitutes a breach of the duties imposed upon the Defendants by the express terms of the policy and under the applicable principles of federal maritime law.

32. Defendants' breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to rescind the policy.

33. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, the Defendants have made demand upon Plaintiff for payment of the agreed value as set forth in the said policy.

34. As a result of the aforesaid lack of coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's

7

declaratory judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175139. Until such time as the Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

35.    As a result of the Defendants' demands for payment under the terms of the attached policy of marine insurance, and as a result of the lack of any coverage for the alleged disappearance or theft of the vessel under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Court's declaratory judgment.

## THIRD CAUSE OF ACTION

36.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 28 as if set forth fully herein.

37.    The Defendant "M&T BANK" is named in Plaintiff's policy of marine insurance No. CSRYP/175139 as a simple loss payee.

38.    The Defendant "CRABTREES" never at any time sought or requested any additional or further insurance coverage of the type that might have provided additional coverage for any party named in Plaintiff's policy of marine insurance as a simple loss payee.

39.    Accordingly, as stated, the Defendant "M&T BANK" is named in Plaintiff's policy of marine insurance as a simple loss payee and the said Defendant is entitled to no additional or further coverage over or beyond that which is provided to or available to the Defendant "CRABTREES."

8

40.     Notwithstanding the fact that Plaintiff's policy of marine insurance clearly and unambiguously provides no additional or further coverage for "M&T BANK" other than as a simple loss payee, the Plaintiff reasonably and in good faith believes that the said Defendant will make demand upon Plaintiff for payment of the full agreed value of the vessel as set forth in the policy.

41.     As a result of Plaintiff's aforesaid good faith belief and the lack of any additional or further coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding coverage afforded under the terms of Policy No. CSRYP/175139. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

42.     As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant "CRABTREES" as regards the incident in which the insured vessel was damaged or destroyed;

(B)     Declaring that Plaintiff's Policy No. CSRYP/175139 does not afford coverage to the Defendant "MBI" for the incident in which the insured vessel was damaged or destroyed;

(C)     Declaring that Plaintiff's Policy No. CSRYP/175139 excludes coverage to the Defendant for the incident in which the insured vessel was damaged or destroyed;

(D)     Declaring that any coverage afforded under Plaintiff's Policy No. CSTYP/175139 is void from the inception due to Plaintiff's breach of the express provisions of the Temporary Binder;

(E)     Declaring that Defendants' misrepresentations of and/or failure to disclose facts material to the Plaintiff's acceptance or continuance of the risk voids the Plaintiff's Policy No. OSPYP/175139 *ab initio* and allows the Plaintiff to rescind the said policy;

(F)     Declaring that the Defendant "M&T BANK" is a simple loss payee under the term of Plaintiff's policy of marine insurance;

10

(G).    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:        September 5, 2019

GOLDMAN & HELLMAN
Attorneys for Plaintiff
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878

By:    /s/ Steven E. Goldman
            STEVEN E. GOLDMAN, ESQ.
            FLA. BAR NO. 345210

11