11699

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 19-23692-CIV-MARTINEZ/Otazo-Reyes

GREAT LAKES INSURANCE SE,

     Plaintiff,

 vs.

BRYAN CRABTREE and
BETHEA CRABTREE, M&T BANK,

     Defendants.

_____/

## DEFENDANTS' MOTION TO STAY ACTION IN PENDENCY OF PARALLEL ACTION IN STATE COURT AND/OR MOTION TO DISMISS COMPLAINT

Defendants, BRYAN CRABTREE and BETHEA CRABTREE ("the Crabtrees"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby file this Motion to Dismiss Complaint and/or To Stay Action in Pendency of Similar Action in State Court, and in support thereof states:

1.     Defendants, BRYAN CRABTREE and BETHEA CRABTREE, respectfully request that this Court grant the instant Motion and stay the instant action in pendency of a parallel action in State Court, or alternatively, dismiss the instant matter.

2.     By way of background, the CRABTREES own the S/V Brandison, a vessel characterized as a 2001 Privilege 435 (hereinafter "Vessel") bearing HIN #FR-JMA52U07B001 which is located in Florida, and is otherwise *sui juris*.

3.     Plaintiff, GREAT LAKES INSURANCE SE ("GREAT LAKES"), is an insurance carrier licensed to do business in the State of Florida and doing business in Miami-Dade County.

4.      The subject Vessel was insured at the time of the loss by GREAT LAKES' policy/binder bearing policy #CSRYP/175139.

5.      On or about May 7, 2019, the CRABTREES sustained damage to their Vessel.

6.      The subject Vessel sustained significant damages as a result of a massive fire that started on the neighboring M/Y SEA ALICE.

7.      The damages to the subject Vessel are covered by the insurance policy/binder issued by GREAT LAKES; however, GREAT LAKES has denied the CRABTREES claim for benefits under the subject policy/binder.

8.      As a result of GREAT LAKES refusal to properly afford coverage for the fire loss, the CRABTREES filed a State Court Action against GREAT LAKES, and various other parties.

9.      The State Court Action covers all the same issues and controversies, involves the same parties to this action in addition to other required parties, and any such potential witnesses as the case at bar.

10.     The State Court Action also encompasses all issues and controversies that would not be resolved nor addressed by the instant action.

11.     Pursuant to applicable law from the Southern District of Florida, when parallel actions cover the same issues and involve the same parties, the district court has great discretion to at least stay its action until the State Court Action is resolved. *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 816 (11th Cir. 2008).

12.     As a policy matter, GREAT LAKES failed to issue a formal declination or reservation of rights to the CRABTREES, but instead filed a Declaratory action in admiralty in order to deprive the CRABTREES of a jury trial in anticipation of a lawsuit on behalf of its own insured.

13.     This Court should, as it has in the past, allow the parallel State Court Action to move forward pursuant to applicable law by dismissing this action and/or staying this action. *See Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942); *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *2 (S.D. Fla. Mar. 27, 2008), aff'd, 298 F. App'x 813 (11th Cir. 2008); *Great Lakes Reinsurance PLC v. Leon*, 480 F. Supp. 2d 1306 (S.D. Fla. 2007) (finding that federal district courts have considerable discretion to avoid hearing declaratory judgment actions when there is a current state court case pending).

14.     As the Supreme Court observed in *Brillhart*:

[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction . . .. [I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart, 316 U.S. at 494–95, 62 S.Ct. 1173

15.     The factors in which guide the district court's discretion as to whether or not it will retain jurisdiction over a matter are that a court should:

"inquire into the scope of the pending State Court proceeding and the nature of defenses open there. The Federal Court may have to consider whether the claims of all parties are amendable to process in that proceeding, etc."

*Leon*, at 1308 (quoting *Brillhart*, at 316 U.S. at 495).

16.     Notably, in *Leon*, the court noted that the action for Declaratory Relief was based on GREAT LAKES' claims that the CRABTREES' actions made the insurance policy void or voidable and thus damages were not recoverable under the policy. Those same arguments are

available as defenses in the state court action. *Leon*, at 1309 (ordering that the action stayed until the state court proceedings had been fully adjudicated.).

17.   Here, the facts are nearly identical to those presented in the *Leon* case.

18.   In the case at bar, the same case or controversy on the issue of coverage and/or breach of an alleged marine insurance contract exists in both this action and a parallel State Court Action.

19.   In the instant action GREAT LAKES alleges that the CRABTREES' actions and/or inactions have rendered the subject policy void, voidable and/or no coverage is afforded.

20.   Here, as it attempted in the *TLU Ltd.*, case,  GREAT LAKES asks this Court to make factual determinations about the materiality of information the CRABTREES allegedly failed to submit to GREAT LAKES as well as factual determinations regarding potential breaches of contract that the CRABTREES are alleged to have committed in the past. *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *2 (S.D. Fla. Mar. 27, 2008), aff'd, 298 F. App'x 813 (11th Cir. 2008).

21.   GREAT LAKES does not seek a purely legal ruling.

22.   Factual questions regarding whether a breach of contract has been committed in the past is unrelated to the purposed behind the Declaratory Judgment Act. *Id.*

23.   "The same factual questions that the Court would need to answer in this action are precisely the same factual questions that would be addressed by the separate breach of contract action . . .." *Id.*

24.   Here, the pending parallel State Court Action involves the same parties, the same body of facts, the "same arguments, including interpretation of the same provisions of the insurance policy and the same witnesses." *Leon*, at 1308.

25.     The CRABTREES filed their State Court Action when they realized they were getting no answers from GREAT LAKES and are seeking their day in court in a jury trial.

26.     The state court is more than capable of hearing this breach of contract action and the same arguments GREAT LAKES will pursue here will not be lost in the parallel State Court Action as all of GREAT LAKES' defenses remain available.

27.     "Since the resolution of these questions involve disputed factual issues relating to past conduct, the Court believes that the state court is of equal competence to resolve such issues." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CIV, 2008 WL 828122, at *2 (S.D. Fla. Mar. 27, 2008), aff'd, 298 F. App'x 813 (11th Cir. 2008).

28.     There is no inconvenience to either party if this matter were stayed pending the outcome of the parallel State Court Action.

29.     Therefore, Defendants respectfully request that this Court grant the instant Motion and stay the instant action in pendency of the parallel State Court Action, or alternatively, dismiss this action.

## **Memorandum of Law**

### I.     **JURISDICTION SHOULD BE DECLINED AS THE SAME ISSUES ARE PRESENT IN THE PARALLEL STATE COURT ACTION**

The Declaratory Judgment Act has been interpreted to allow extensive discretion to the district courts to dismiss a declaratory judgment action. *Wilton v. Seven Falls Company*, 515 U.S. 277, 288, 115 S. Ct. 2137 (1995); *U.S. v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (finding that district courts have unique and substantial discretion in determining whether to declare the rights of litigants when duplicative state proceedings exist.). "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the

same fact-dependent issues are likely to be decided in another pending proceeding." *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991).

Even if assuming *arguendo* that this Court has subject matter jurisdiction, this Court should decline to exercise jurisdiction over a declaratory judgment action "if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* This Court should apply this well-settled principle and exercise its discretion to dismiss GREAT LAKES' Complaint for Declaratory Judgment and/or stay the instant case in pendency of the parallel State Court Action.

This action will not settle all claims among all parties, while the State Action will. This action will not even settle all claims between the CRABTREES and GREAT LAKES, while the State Action will. The pending State Action provides a more convenient and economic forum for the resolution of all the issues among all the parties, as opposed to maintaining two separate actions. Further, GREAT LAKES has clearly engaged in procedural fencing and a race to *res judicata*. Accordingly, the Court should exercise its discretion by declining jurisdiction and dismissing GREAT LAKES' Complaint for Declaratory Judgment and/or staying the instant matter in pendency of the parallel State Court Claim.

## II.   PLAINTIFF'S DECLARATORY ACTION WILL NOT SETTLE ALL CLAIMS BETWEEN THE PARTIES, WHILE THE PENDING STATE COURT ACTION WILL

All the issues between the parties to the instant action will not be resolved by the instant action. "It is well established that when a federal court determines whether to entertain a declaratory judgment action, it should analyze whether its resolution will settle all aspects of the legal controversy." *Fidelity & Guar. Ins. Underwriters, Inc. v. Holt*, 2 F.Supp.2d 798, 801 (E.D. Va. 1998). The Eleventh Circuit Court of Appeals has held:

> The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton,* 515 U.S. at 287, 115

S.Ct. 2137 (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In fact, in cases such as this, the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. 1173. The Supreme Court has warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* This warning should be heeded.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

Pursuant to the Eleventh Circuit's guidance, this Court should weigh several different factors in favor of abstaining from the declaratory action to proceed under the State Court Action. The following factors consist of:

(1)   the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2)   whether the judgment in the federal declaratory action would settle the controversy;

(3)   whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4)   whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5)   whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6)   whether there is an alternative remedy that is better or more effective;

(7)   whether the underlying factual issues are important to an informed resolution of the case;

(8)   whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9)   whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

All of the Eleventh Circuit's balancing factors tilt the scale in favor of dismissing the instant action, to allow the pending State Court Action to proceed. GREAT LAKES' declaratory action: (1) will not favor the state's interest in having the issues raised decided in federal court; (2) will not settle the complete controversy that currently exists; (3) will not serve a useful purpose in clarifying the legal relations at issue; (4) is solely being used as "procedural fencing" for a race for *res judicata*; (5) will undoubtedly increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) is an inferior remedy compared to the State Court Action which will fully resolve all issues and controversies; (7) will leave open important underlying factual issues that will not be fully addressed; (8) will undoubtedly be better addressed in the State Court Action as the state court is in a better position to evaluate all of the factual issues; and (9) will inevitably leave out a majority of the important factual and legal issues surrounding the current controversy.

This Court must also be cognizant of the concerns of its ability, or inability, to appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants if the CRABTREES, as the State Court Action does, seek to join the additional parties in the instant action. Allowing the declaratory action to proceed would amount to the unnecessary and inappropriate interference with the fully encompassing and currently pending State Court Action, which is the very issue contemplated by the Supreme Court in *Brillhart* and *Wilton*. This Court may act well-within its discretion and heed the Supreme Court's admonitions in *Brillhart* by rightly abstaining from the declaratory action in favor of the parallel State Court Action currently pending. *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173.

### III.   MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT[1]

Plaintiff's Complaint for Declaratory Judgment must be dismissed as it does not terminate the controversies presented. "Declaratory Judgment is appropriate when it will 'terminate the controversy' giving rise . . ." to the proceeding. *Fed. R. Civ. P. 57* (advisory notes). This matter must also be dismissed as venue is improper. Plaintiff's Complaint improperly alleges that the subject policy/binder contains a venue provision; however, Plaintiff repeatedly alleges that the specific policy/binder is null and void. Plaintiff cannot have it both ways. Either the policy/binder is valid and enforceable, or it is null and void. Worse, Plaintiff has yet to provide to complete policy/binder in which it relies on to improperly deny the subject claim. The CRABTREES were only provided an initial policy/binder and in which all conditions and request were complied with. Now Plaintiff attempts to insert and allege that a bundle of new provisions, terms and conditions govern the parties actions; however, this is not the case.

Plaintiff improperly attempts to bypass the Federal Rules of Civil Procedure by attempting to create subject matter jurisdiction where it does not exist. Plaintiff attempts to rely on the subject policy/binder's forum selection clause to create its own subject matter jurisdiction, when same is improper. Plaintiff's Complaint similarly fails to state a claim in which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. Plaintiff's Complaint is riddled with bare assertions that are not supported with actual facts.

Plaintiff's Complaint is also in need of a more definite statement. The majority of Plaintiff's allegations are bare assertions unsupported by any facts. Additionally, Plaintiff's Complaint must be dismissed as it omits required parties that must be joined in this action to fully

---

[1] In an abundance of caution, the CRABTREES are incorporating their Motion to Dismiss to preserve their objections and defenses to Plaintiff's Complaint.

resolve all issues and controversies presented. *Fed. R. Civ. P. 12(b)(7)*. There are other parties that must be joined in the instant action but cannot be joined as subject matter jurisdiction does not exist.

Plaintiff's First Cause of Action alleges that the CRABTREES' "non-compliance" with clear and express terms of the policy of insurance/binder resulted in the subject policy/binder expiring on a given date. Plaintiff fails to allege with particularity which, if any, terms of the policy/binder the CRABTREES allegedly did not comply with. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint must be dismissed as same is so vague and ambiguous that the CRABTREES cannot reasonably prepare a response. Due to Plaintiff's failure to allege with particularity the facts surrounding its bare allegations, Plaintiff's First Cause of Action must be dismissed.

Plaintiff's Second Cause of Action similarly fails to allege with particularity the material facts that the CRABTREES allegedly "misrepresented" and/or "failed to disclose." Plaintiff's blanket allegations are supported by nothing more then the bare allegations themselves. Plaintiff's Second Cause of Action failed to allege with particularity what facts, if any, were allegedly "misrepresented" and/or not disclosed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint must be dismissed as same is so vague and ambiguous that the CRABTREES cannot reasonably prepare a response. Due to Plaintiff's failure to allege with particularity the facts surrounding its bare allegations, Plaintiff's Second Cause of Action must be dismissed.

### Conclusion

The CRABTREES' Motion to Stay Plaintiff's Complaint for Declaratory Judgment in Pendency of Parallel Action in State Court and/or to Dismiss same is integral to CRABTREES' procedural stance. The parallel State Court Action is viable, and as such represents an action involving the same parties, issues and controversies and should be heard in the state forum as to afford the CRABTREES a jury trial. GREAT LAKES rushed to the federal court in a race for *res judicata* to strip the CRABTREES from their right to a jury trial. As the instant action involves the same parties and controversies as the pending State Court Action, this Court should dismiss the instant action and/or stay same in favor of the parallel State Court Action.

**WHEREFORE**, Defendants, BRYAN CRABTREE and BETHEA CRABTREE, respectfully move this Court stay the instant action in pendency of the parallel State Court Action and/or dismiss the instant matter; and for any and all other relief this Court finds just and proper.

### CERTIFICATES TO FOLLOW

**CERTIFICATE OF CONFERRAL**

Defendants have conferred with Plaintiff as to the relief requested herein regarding the request to stay. Plaintiff confirmed in writing that it does not agree.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of October, 2019, the foregoing Motion is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ, B.C.S.
Florida Bar No.: 526371

## SERVICE LIST

| **Goldman & Hellman** | **Perry & Neblett, P.A.** |
|---|---|
| Steven Goldman, Esq. | David Avellar Neblett, Esq. |
| 8751 West Broward Blvd., Suite 404 | James M. Mahaffey III, Esq. |
| Fort Lauderdale, FL  33324 | 2550 South Bayshore Drive, Suite 11 |
| Steven@GoldmanAndHellman.com | Miami, FL 33133 |
| Telephone: (954) 356-0460 | david@perrynebeltt.com |
| Facsimile: (954) 832-0878 | jmahaffey@perryneblett.com |
| *Attorneys for Plaintiff* | terry@perryneblett.com |
|  | jack@perryneblett.com |
|  | Telephone: (305) 856-8408 |
|  | Facsimile:  (305) 967-8182 |
|  | *Attorneys for Defendants Bryan Crabtree and* |
|  | *Bethea Crabtree* |